UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS RUIZ FLOREZ,

    Plaintiff,

vs.

EIGHTH-19TH COMPANY LLC and
FOUR PROVINCES LLC,

    Defendants.

## COMPLAINT

Plaintiff, CARLOS RUIZ FLOREZ (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, EIGHTH-19TH COMPANY LLC and FOUR PROVINCES LLC (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

## JURISDICTION AND VENUE

**1.**     This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq.*, based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.**     The subject property is a bar/restaurant located at 184 8th Avenue, New York, NY 10011 (hereinafter, the "Subject Premises").

**3.**     All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the Subject Premises are located in the Southern District.

## PARTIES

4.  Plaintiff, CARLOS RUIZ FLOREZ, is over the age of 18, *sui juris*, and a resident of Queens County, New York. Plaintiff suffered a spinal cord injury as a child complete from the T-7 to T-11, has paraplegia, is bound to ambulate in a wheelchair, and is a qualified individual under the ADA.

5.  Defendant, EIGHTH-19TH COMPANY LLC, is a domestic limited liability company which is authorized to and does transact business in the State of New York and within this judicial district. Defendant, EIGHTH-19TH COMPANY LLC, is the owner of the Subject Premises.

6.  Defendant, FOUR PROVINCES LLC, is a domestic limited liability company which is authorized to and does transact business in the State of New York and within this judicial district. Defendant, FOUR PROVINCES LLC, is the owner/operator of the bar/restaurant "BAR BONOBO" located at the Subject Premises.

7.  According to the New York State Liquor Authority, the Defendant, FOUR PROVINCES LLC, d/b/a BAR BONOBO, was issued an On Premises Liquor license on April 23, 2024 for the Subject Premises.

8.  Bar Bonobo, located at 184 8th Avenue in New York, NY, is a cocktail lounge and dining establishment offering a refined selection of food and beverages in a stylish and intimate setting. The interior features elegant furnishings, low lighting, and a lounge-style layout designed to create a comfortable environment for patrons. The menu includes a variety of cocktails, martinis, and aperitifs, as well as small plates and entrees such as lemon arancini, whipped ricotta with truffle honey, and New York strip steak. The Plaintiff appreciates the quality of the offerings and the ambiance of Bar Bonobo. However, despite the Plaintiff's appreciation for the establishment,

significant accessibility barriers hinder his ability to fully enjoy the experience, in violation of the ADA.

9. In addition to his personal interest in accessing the goods and services of Bar Bonobo, Plaintiff has strong ties to the surrounding neighborhood and regularly frequents nearby locations for personal, social, and artistic purposes. Plaintiff is deeply involved in the local art community and often visits multiple art galleries located near the Subject Premises. He also regularly gathers with fellow artists at Washington Square Park, which is situated nearby and serves as a communal meeting point. The Subject Premises are two blocks from the office of a close family friend where Plaintiff's wife previously worked and which they continue to visit together for social occasions. Moreover, Bar Bonobo is located directly across the street from The Joyce Theater, a well-known venue for dance and artistic performances that Plaintiff enjoys attending. These connections underscore Plaintiff's ongoing presence in the neighborhood and his genuine desire to enjoy the amenities offered at the Subject Premises in the same manner as non-disabled patrons.

## FACTUAL ALLEGATIONS AND CLAIM

10. On or about October 2024, Plaintiff, in his individual capacity, visited the Subject Premises and personally encountered physical barriers to access, which compelled him to engage with those barriers, resulting in legal harm and injury.

11. On or about February 28, 2025, Plaintiff was denied entry to the premises by an employee.

12. Plaintiff returned to the Subject Premises on or about March 10, 2025, where the barriers to access remained. Plaintiff continues to suffer harm due to the existence of these barriers and Defendants' ongoing failure to comply with ADA regulations.

13. Plaintiff has visited the Subject Premises and intends to return to utilize the goods, services, and accommodations offered to the public. As stated in Paragraph 9 above, Plaintiff has a regular and ongoing presence in the neighborhood. He intends to visit the Facility again this spring and summer, to celebrate with family and friends, and will continue to visit the Facility thereafter.

14. Plaintiff is deterred from returning while the discriminatory barriers and non-compliant policies described herein persist.

15. Plaintiff has been denied full and equal access to the Subject Premises, preventing him from enjoying the goods and services offered therein. These denials are caused by the physical barriers, including those outlined in this Complaint, and will continue until the barriers are removed.

16. Beyond his personal interest in accessing the Subject Premises, Plaintiff is an advocate for individuals with disabilities and is committed to asserting his civil rights and the rights of others similarly situated.

17. Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

18. Under the "Safe Harbor" provision outlined in 28 CFR § 36.304(d)(2)(i), elements in existing facilities that have not been altered on or after March 15, 2012, and that comply with the technical and scoping specifications of the 1991 Standards are not required to be modified to meet the 2010 Standards. However, the violations described in this Complaint fail to comply with both the 1991 Standards and the 2010 Standards.

19. As the Subject Premises received its State Licensure in 2024, Plaintiff asserts that the ADA violations at the property are intentional and will not be corrected without Court intervention, further exacerbating the harm Plaintiff has suffered and will continue to endure

20. The Subject Premises, as a public accommodation and service establishment, is required by law to comply with the ADA and ADAAG. However, it remains non-compliant with these standards.

21. Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein.

22. Plaintiff has experienced direct and indirect injury as a result of the physical barriers and ADA violations at the Subject Premises and the Defendants' actions or inactions in remedying these violations.

23. On or about October 2024, February 28, 2025, and again on March 10, 2025, Plaintiff attempted to access the Subject Premises but was unable to do so due to his disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the property and its accommodations.

24. Plaintiff intends to return to the Subject Premises this spring and summer and thereafter to utilize the goods, services, and accommodations offered. However, his ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

## COUNT I
## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT
**(Against All Defendants)**

25. Plaintiff restates Paragraphs 1-24 as though fully set forth herein.

26.     Defendants, EIGHTH-19TH COMPANY LLC and FOUR PROVINCES LLC, have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

27.     EIGHTH-19TH COMPANY LLC, as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

28.     FOUR PROVINCES LLC, as the operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

29.     The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

1. <u>The Entrance</u> - There is a non-compliant ramp at the entrance. Although a ramp is provided, it is overly sloped and does not provide a landing in violation of ADAAG 206 and 405.

    There is not enough maneuvering clearance space located at the entrance in violation of ADAAG 206.

2. <u>The Bars</u> – There are two bars at the Premises, both of which are inaccessible as they are too high and do not provide enough underside clearance in violation of ADAAG 226.

3. <u>Dining Tables</u> – There are no accessible tables in violation of ADAAG 226.

    4. <u>The Restroom</u> – There is a non-compliant door lock, not enough maneuvering clearance around the toilet; no grab bars of compliant length; no insulation of the pipes under the sink; the mirror is too high in violation of ADAAG 606, 604, 404, 308.

30.     Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

31.     In addition to his personal interest in accessing the Subject Premises free of illegal barriers, Plaintiff is an advocate for the rights of individuals with disabilities and serves as a "tester" to ensure public accommodations comply with the ADA. Plaintiff has visited the Premises in his capacity as a tester, encountered barriers to access, engaged with those barriers, and suffered harm as a result. Plaintiff intends to return regularly to verify the Subject Premises' compliance with the ADA and to confirm any modifications are properly maintained. Plaintiff believes that these violations will not be corrected without Court intervention, which will result in continued harm.

32.     Plaintiff, in his capacity as a tester, will return to the Premises once Defendants make the necessary modifications to ensure accessibility for individuals with physical disabilities. Plaintiff will verify compliance with the ADA and confirm that all modifications are complete.

33.     The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

34. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

## RELIEF SOUGHT

35. Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

36. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

37. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

*/s/ Jennifer E. Tucek, Esq.*
Law Office of Jennifer Tucek, PC
Bar No. JT2817

        641 Lexington Avenue, 15th Floor
        New York, New York 10017
        (917) 669-6991
        TucekLaw@Gmail.com
        *Attorney for Plaintiff*